UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHELLE TAYLOR, | Case No. 3:13-cv-00035-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| CAROLYN MYLES, | |
| Respondents. | |

This habeas matter comes before the Court following upon petitioner's counsel's failure to comply with the local rules and directives of this Court.

On January 25, 2013, petitioner filed the petition in this matter signed and verified by counsel in California. On January 28, 2013, notices (dkt. nos. 2 & 3) were sent pursuant to, *inter alia*, Local Rule IA 10-2 and Local Rule LR 3-1, directing counsel to: (a) file a verified petition for leave to proceed *pro hac vice*; (b) file a designation of local counsel; (c) register on CM/ECF; and (d) file a properly completed civil cover sheet.

The first notice (dkt. no. 2) gave counsel until March 14, 2013, to file a verified petition for leave to proceed *pro hac vice*. *See also* Local Rule IA 10-2(e)(requiring compliance with the rule in civil cases within 45 days after counsel's first appearance).

There has been no response by counsel in compliance with the local rules and directives of this Court. *Inter alia*, a failure to comply timely with Local Rule IA 10-2 may result in the striking of all documents previously filed by the attorney, the imposition of sanctions, or both. Local Rule IA 10-2(k).

1     IT IS THEREFORE ORDERED that petitioner shall have fourteen (14) days from entry of this order within which to comply with all directives in the prior notices (dkt. nos. 2 & 3) in this matter. If petitioner does not do so, the petition in this matter will be stricken and the action accordingly will be dismissed without prejudice[1] without further advance notice.

DATED THIS 19th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] While a dismissal would be without prejudice, the pendency of the present action would not toll the running of the federal limitation period as to a later-filed action. Unless and until overturned, a state court judgment of conviction is presumptively valid; and a habeas petitioner must bear the risk of attorney error that results in a procedural default. The designation of any dismissal herein as without prejudice thus would not in any sense connote that petitioner may file a new petition free of any then-applicable procedural bars.

2