UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE TAYLOR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CAROLYN MYLES,<br><br>　　　　　Respondents. | Case No. 3:13-cv-00035-MMD-VPC<br><br>ORDER |

In this habeas matter challenging petitioner's conviction for lewdness with a child under 14 years, petitioner has not responded to the Court's final compliance order (dkt. no. 6).

On January 25, 2013, petitioner filed the petition in this matter signed and verified by counsel in California. On January 28, 2013, notices (dkt. nos. 2 & 3) were sent pursuant to, *inter alia*, Local Rule IA 10-2 and Local Rule LR 3-1, directing counsel to: (a) file a verified petition for leave to proceed *pro hac vice*; (b) file a designation of local counsel; (c) register on CM/ECF; and (d) file a properly completed civil cover sheet.

The first notice (dkt. no. 2) gave counsel until March 14, 2013, to file a verified petition for leave to proceed *pro hac vice*. *See also* Local Rule IA 10-2(e) (requiring compliance with the rule in civil cases within 45 days after counsel's first appearance).

Counsel did not respond in compliance with the local rules and directives of this Court. *Inter alia*, a failure to comply timely with Local Rule IA 10-2 may result in the striking of all documents previously filed by the attorney, the imposition of sanctions, or both. Local Rule IA 10-2(k).

Accordingly, by an order entered on April 19, 2013, the Court gave petitioner fourteen (14) days from entry of the order to comply with all directives in the prior notices (dkt. nos. 2 & 3) in this matter. The order expressly stated, in this represented proceeding: "If petitioner does not do so, the petition in this matter will be stricken and the action accordingly will be dismissed without prejudice without further advance notice." Dkt. no. 6, at 2 (footnote omitted). Again, petitioner has failed to respond.

An internal docket entry reflects that California counsel called clerk's office staff on May 10, 2013. According to the entry, counsel related that: (a) he had been ill, had not received the order in a timely fashion, and needed an extension of time; and (b) he would contact local counsel to handle the matter. The entry further reflects that staff made it clear to counsel that the call did not function as an extension of time.

The Court withheld action in the case. It now has been more than fourteen (14) days since counsel indisputably had notice of the compliance order.[1] Counsel has not complied with the Court's prior orders, which directed counsel to take action that he was required to take from the outset under the local rules even without an express order. Nor has counsel filed a motion for extension of time, notwithstanding having local counsel capable of electronic filing.

Accordingly, the petition in this matter will be stricken and the action will be dismissed without prejudice. In dismissing the action without prejudice, the Court has considered the public's interest in expeditious resolution of litigation including litigation challenging state court convictions, the Court's need to manage its docket, the risk of prejudice, the public policy favoring disposition of cases on their merits, and the possible availability of actions other than dismissal.

IT IS THEREFORE ORDERED that the petition in this matter shall be STRICKEN and the action shall be DISMISSED without prejudice.

---

[1] The notices of electronic filing herein reflect that the prior notices and orders have been mailed to California counsel and electronically mailed to local counsel. No mail has been returned.

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.[2]

DATED THIS 17th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] While the dismissal is without prejudice, the pendency of the present action does not toll the running of the federal limitation period as to a later-filed action. Unless and until overturned, a state court judgment of conviction is presumptively valid; and a habeas petitioner must bear the risk of attorney error that results in a procedural default. The designation of the dismissal herein as without prejudice thus does not in any sense connote that petitioner may file a new petition free of any then-applicable procedural bars.