UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE TAYLOR, | Case No. 3:13-cv-00035-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| CAROLYN MYLES, et al., | |
| Defendants. | |

This closed habeas matter comes before the Court on the represented petitioner's motion (dkt. no. 9) for relief from judgment as well as following upon receipt of an *ex parte* letter from petitioner in proper person. The motion for relief from judgment was filed within the time period for seeking relief under Rule 59 of the Federal Rules of Civil Procedure.

The Court will grant the motion for relief from judgment and reopen the matter as an exercise of discretion under Rule 59, so that petitioner does not lose her ability to seek federal habeas relief due to the dereliction of duty by her *pro bono* counsel.

The Court is not unsympathetic as to the extensive difficulties that California counsel has been experiencing. However, the circumstances outlined in the motion do not provide justification for counsel not even seeking an extension of time, at the very least through Nevada counsel, in response to the Court's multiple directives. Particularly with counsel's considerable experience, he clearly should know that a deputy clerk has no authority to take action on his behalf and "e-file" a request for relief

for him per a telephone call. California counsel, again, has associated Nevada counsel available to assist him in such a matter.

Nor do the circumstances outlined in the motion provide full justification for counsel not communicating with his client.

If this were a case with appointed counsel, the Court would have to give substantial consideration at this point to appointing substitute counsel pursuant to 18 U.S.C. § 3006A(c) due to the dereliction of duty exhibited.[1] Regardless of whether or not factors beyond counsel's control have contributed to such dereliction, counsel nonetheless owes an ethical duty to his client to consider whether it remains in her best interest to continue as her counsel.

The Court will reopen the matter and give counsel sixty (60) days to consider the matter and comply with the Court's local rules and prior directives with respect to appearing *pro hac vice*. The Court does not rule out the possibility of denying a petition to proceed *pro hac vice* based upon the circumstances already of record. See Local Rule IA 10-2 (h) (grant or denial of a petition to appear *pro hac vice* is discretionary).

Meanwhile, the Court will direct that counsel confer with his client within twenty-one (21) days as to: (a) the status of the case and his representation; (b) the rules prohibiting a litigant from communicating with a court *ex parte*; and (c) the rules prohibiting a represented litigant from communicating with a court other than through counsel. Counsel shall confer with his client and shall file a notice that he has done so within the time allowed.

IT IS THEREFORE ORDERED that the motion for relief from judgment (dkt. no. 9) is GRANTED, that the order and judgment of dismissal (dkt. nos. 7 & 8) are VACATED, that this matter is hereby REOPENED, and that the petition (dkt. no. 1) shall

///

---

[1] *Cf. United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006)(reaffirming that the right to counsel of choice does not extend to defendants with appointed counsel).

be REINSTATED in a manner consistent with the Clerk's practice for reinstating previously stricken pleadings.

IT IS FURTHER ORDERED that, within sixty (60) days of entry of this order, petitioner's counsel either shall comply with the Court's local rules and prior directives with respect to appearing *pro hac vice* or shall take other appropriate action regarding his appearance as counsel for petitioner.

IT IS FURTHER ORDERED that, within twenty-one (21) days of entry of this order, counsel shall file a notice confirming that he has conferred with his client within that time period as to: (a) the status of the case and his representation; (b) the rules prohibiting a litigant from communicating with a court *ex parte*; and (c) the rules prohibiting a represented litigant from communicating with a court other than through counsel.

A failure by counsel to fully and timely comply with all provisions of this order will result in counsel being directed to show cause why substantial sanctions should not be imposed and further will be considered in addressing any petition to proceed *pro hac vice* filed by counsel herein.

DATED THIS 22nd day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE