UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE TAYLOR,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN MYLES, et al.,<br><br>                Defendants. | Case No. 3:13-cv-00035-MMD-VPC<br><br>ORDER |

This represented habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases, following upon the reinstatement of the action and counsel having satisfied the requirements for admission *pro hac vice*.

Following upon initial review, service for a response will be directed, subject to the following.

First, Governor Brian Sandoval will be dismissed as a respondent. The warden of petitioner's institution — who petitioner also seeks to name — is the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases. The highest state officer who properly would be named also as a respondent on a habeas petition challenging a state conviction would be the state attorney general or potentially the director of the state corrections department. See 1976 Advisory Committee Notes to Rule 2(b). The Governor, however, is not a proper respondent in the context presented, where petitioner challenges her sentence as excessive under the Eighth Amendment. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 435-42 (2004) (rejecting the proposition that the

Secretary of Defense as a supervisory official with ultimate legal control constituted a proper respondent on a § 2241 petition rather than the petitioner's immediate physical custodian); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 895-96 (9th Cir. 1996) (disparaging the concept that higher levels of supervisory authority made an officer, such as a governor, a proper respondent on a § 2254 petition).

Second, although petitioner is represented by retained counsel, the Court will direct respondents to file the state court record materials relevant to adjudication of this action. Respondents are more familiar with the Court's requirements for filing state court record materials for Nevada cases. The Court further does not wish to run the risk of further delays. The Court's focus is on getting the matter instead postured efficiently for disposition on the single ground presented.

Finally, respondents should note that, in directing that the petition be served for a response, the Court has considered but declined directing amendment of the petition. The petition at points strains the bounds of what should be included within a pleading rather than a brief. However, the petition nonetheless frames the single ground presented in a manner permitting a response. The Court further does not read petitioner's occasional references to claims other than the single Eighth Amendment claim presented as raising any such additional claims. Respondents need respond only to a claim alleging that petitioner's sentence is excessive under the Eighth Amendment. No other claims are fairly presented by the pleading for adjudication on federal habeas review.

It is therefore ordered that the Clerk of Court shall make informal electronic service of this order and the amended petition upon the Nevada Attorney General as per the Clerk's current practice and that the Clerk shall regenerate notices of electronic filing to the Attorney General for all other prior filings herein.

It is further ordered that respondents shall have sixty (60) days from entry of this order within which to respond, including potentially by motion to dismiss, to the

///

amended petition. Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter.

It is further ordered that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding a claim within the response as to that claim.

It is further ordered that respondents shall file a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*. The Court is seeking to have a sufficient record in particular of the underlying facts of the offense to assess petitioner's claim that the sentence imposed is grossly disproportionate to the offense in this particular case. The Court does not wish to adjudicate the issue either on second-hand representations as to the content of the record by counsel and/or on, for example, incomplete excerpts of transcripts of the evidence presented at trial. The state court record exhibits for this case should include, but not necessarily be limited to: (a) the charging instruments, including any

amendments thereto; (b) if previously transcribed, the trial transcript, with the exception of the voir dire; (c) the presentence investigation report, under seal; (d) if previously transcribed, the sentencing transcript; (e) the judgment of conviction and any amendments thereto; (f) the appeal briefing; and (g) the state supreme court decision.

It is further ordered that all state court record exhibits filed herein shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally shall send a hard copy of all exhibits filed, for this case, to the Reno Clerk's Office.

It is further ordered that petitioner shall have thirty (30) days from service of the answer, motion to dismiss, or other response to file a reply to an answer or an opposition to a motion to dismiss.

It is further ordered that any other motions filed by the parties will be subject to the normal briefing times under the local rules.

It is further ordered that respondent Sandoval is dismissed as a respondent, without prejudice to petitioner's claim against his custodial respondent.

DATED THIS 2nd day of June 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE