UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELLE TAYLOR, | Case No. 3:13-cv-00035-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| CAROLYN MYLES, et al., | |
| Defendants. | |

This is a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1). Before the Court is respondents' motion to disqualify petitioner's counsel (dkt. no. 24). Having carefully reviewed the record, the Court shall deny the motion.

I.  **PROCEDURAL HISTORY AND BACKGROUND**

In November 2009, a jury convicted petitioner of one count of lewdness with a child under 14 years of age. (Exh. 49.)[1] Following a penalty hearing, petitioner was sentenced to life imprisonment with the possibility of parole after ten (10) years, and the judgment of conviction was filed on April 21, 2010. (Exh. 60.) Petitioner appealed her conviction, which the Nevada Supreme Court affirmed on October 27, 2011. (Exhs. 62, 96, 98.) Petitioner did not file a state post-conviction habeas petition.

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to disqualify counsel (dkt. no. 24) and are found at dkt. nos. 25-28.

On January 25, 2013, petitioner, through retained counsel, filed this federal petition for writ of habeas corpus. (Dkt. no. 1.) Counsel in the instant case served as co-counsel for petitioner in her direct appeal, but was not trial counsel. (*Id*. at 3-4.) The federal petition raises a single ground for relief: that petitioner's sentence constitutes cruel and unusual punishment under the Eighth Amendment. (*Id.* at 8, 10. )

## II.  LEGAL STANDARDS & ANALYSIS

Under Local Rule IA 10-7, "[a]n attorney admitted to practice pursuant to any of these Rules shall adhere to the standards of conduct prescribed by the Model Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Nevada, except as such may be modified by this Court." In Nevada, conflicts of interest are governed by Nevada Rule of Professional Conduct 1.7, which is identical to Rule 1.7 of the ABA Model Rules ("Model Rules"). Nev. R. Civ. P. 1.7(a) states the general conflict rule as follows:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) The representation of one client will be directly adverse to another client; or
> (2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

A court's strong interest in preserving the integrity of the judicial process may outweigh a criminal defendant's Sixth Amendment right to retain counsel of his or her choice. *Wheat v. United States*, 486 U.S. 153, 159-60 (1988).

Respondents argue that in light of this Court's decisions regarding the disqualification of counsel in *Huebler v. Vare*, No. 3:05-cv-00048-RCJ-VPC, 2014 WL 1494271 (D. Nev. April 15, 2014), and *Bergna v. Benedetti*, 3:10-cv-00389-RCJ, 2013 WL 3491276 (D. Nev. 2013), petitioner's counsel in this case should be disqualified. In each of those cases, federal habeas counsel had previously represented the petitioner in state postconviction proceedings. This Court held in each case that, subsequent to the United States Supreme Court decision in *Martinez v. Ryan*, such counsel had a

clear conflict of interest. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceedings, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. 1309, 1320 (2012).

This Court pointed out that post-*Martinez*, federal habeas counsel who had served as state postconviction counsel necessarily had a conflict of interest because such counsel would have the duty to examine whether there were "(a) possible additional claims of ineffective assistance of . . . counsel that (b) were not pursued by state postconviction counsel through inadequate assistance." *Bergna*, 2013 WL 3491276 at *2. This Court described the resulting conflict as "real, actual and current." *Id.*

In the instant case, however, *Martinez* does not necessarily mandate the conclusion that a conflict exists. Petitioner's retained counsel served as co-counsel for her direct appeal, but did not serve as her trial counsel. Petitioner did not file a state postconviction petition, which is the collateral proceeding under state law in which she would raise any claims of ineffective assistance of trial counsel. The federal petition raises a single ground for relief: that petitioner's sentence constitutes cruel and unusual punishment under the Eighth Amendment. Respondents assert that petitioner's current counsel likely advised petitioner regarding her decision not to file a state postconviction petition. However, this is purely speculation; nothing in the current record before this Court indicates that an actual, current conflict of interest exists. Mindful that petitioner has retained her attorney, this Court shall deny the motion to disqualify petitioner's counsel. Such denial is without prejudice to renew the motion if an actual conflict becomes apparent at a later point in these proceedings.

Finally, the Court notes that in petitioner's motion for extension of time to oppose the motion to disqualify, counsel stated "no particular deadline has been set for [his

opposition to the motion to disqualify]" (dkt. no. 31). This, of course, is inaccurate. Local Rule 7-2 provides that points and authorities in response to a motion filed in this Court shall be filed no later than fourteen (14) days after service of the motion and any reply shall be filed no later than seven (7) days after service of the response. Petitioner's counsel has informed the Court that he is experiencing serious health difficulties. (Dkt. no. 31.) The Court has mentioned previously that it is not unsympathetic to his situation; however, it remains counsel's duty to diligently represent his client and to comply with all local and federal rules of practice before this Court. Moreover, local counsel in this matter should be well-acquainted with the local rules.

### III.    CONCLUSION

It is therefore ordered that respondents' motion to disqualify counsel (dkt. no.24) is denied without prejudice.

It is further ordered that petitioner's motion for extension of time to oppose the motion to disqualify (dkt. no. 31) is denied as moot.

It is further ordered that respondents' motion for an enlargement of time to respond to the petition (dkt. no. 29) is granted.

It is further ordered that respondents shall have sixty (60) days from the entry of this order within which to respond, including potentially by motion to dismiss, to the petition. Any response shall comply with the provisions set forth in this Court's order dated June 2, 2014 (dkt. no. 20)

It is further ordered that petitioner shall have thirty (30) days following service of respondents' answer, motion to dismiss, or other response to file a reply to an answer or an opposition to a motion to dismiss.

It is further ordered that any other motions filed by the parties will be subject to the normal briefing times under the local rules.

DATED THIS 23rd day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE